UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-5746 CAS (RAO) | Date: | July 29, 2021 |
| Title: | David Fink v. Sarkis Ohannessian, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE STAYED [1]**

On July 9, 2021, Plaintiff David Fink filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983, and a request to Proceed Without Prepayment of Filing Fees ("IFP Request"). Dkt. Nos. 1, 2.

In brief, Plaintiff alleges that some or all Defendants Sarkis Ohannessian, Chief Deputy Sheriff, San Bernardino County Sheriff's Department ("SBCSD"); John McMahon, Sheriff, SBCSD; Deputy Vicky Ortiz, SBCSD; Doug Poston, San Bernardino County Deputy District Attorney; Natasha Howard, Deputy Attorney General; Miles Abernathy Kowalski, San Bernardino County Counsel; and Securus Technologies, LLC, listened to, helped facilitate the making of, or helped to destroy unlawful recordings of calls that Plaintiff made to his attorney, the public defender's office, defense investigator, and the clerk of the Idaho Supreme Court during criminal proceedings that were brought initially in Idaho in 2015 and are now proceeding in Los Angeles County Superior Court. Complaint at ¶¶ 6-11, 17-24, 26, 28-32, 35-39, 42-43. Plaintiff further alleges that some or all Defendants "made use of the stolen defense strategy" that they had obtained through the alleged eavesdropping in the criminal proceedings. *Id.* at ¶ 34. He contends that these actions violated his rights under the Sixth and Fourteenth Amendments, the California Invasion of Privacy Act, and the California Civil Code. *Id.* at ¶¶ 1, 47-62, 63-72, 73-85, 86-91. Plaintiff seeks declaratory relief and actual and punitive damages. *Id.* at 15.

For the following reasons, Plaintiff is ordered to show cause why his Complaint should not be stayed pursuant to *Younger v. Harris*, 401 U.S. 37, 46, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971) (reaffirming "fundamental policy against federal interference with state criminal prosecutions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-5746 CAS (RAO) | Date: | July 29, 2021 |
| Title: | David Fink v. Sarkis Ohannessian, et al. | | |

As set forth above, Plaintiff alleges that the prosecutor has obtained an unfair advantage in the criminal proceedings that are currently pending in Los Angeles County Superior, in Case No. BA435472, through eavesdropping on his defense strategy. Under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994),

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Here, where the state court criminal proceedings are ongoing, the Court should abstain under *Younger*, pending resolution of the criminal case.[1] *See Heck*, 512 at 487 n.8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."); *see also Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("If a plaintiff files a [civil rights] claim related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) ("*Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding.").

In light of the foregoing, IT IS HEREBY ORDERED that Petitioner shall show cause in writing, on or before **August 27, 2021**, why this action should not be stayed pending a final decision in the state court criminal proceedings. **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be**

---

[1] Notably, Plaintiff raised the claims that the prosecutors in his pending criminal case in Los Angeles County Superior Court used information obtained through unlawful eavesdropping on his jail calls in a habeas corpus petition that he filed in this Court in March 2021, which was subsequently dismissed without prejudice pursuant to *Younger* on June 29, 2021. *See Fink v. Los Angeles Superior Court*, CV 21-2396-CAS (RAO), Dkt. Nos. 1, 5, 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-5746 CAS (RAO) | Date: | July 29, 2021 |
| Title: | David Fink v. Sarkis Ohannessian, et al. | | |

**dismissed with prejudice for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

: 
dl