UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 21-5746 CAS (RAO) | Date: | April 1, 2022 |
| Title: | David Fink v. Sarkis Ohannessian, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **ORDER TO SHOW CAUSE WHY SECTION 1983 CLAIMS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

On July 9, 2021, Plaintiff David Fink filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 and other federal and state statutes. Dkt. No. 1.

In brief, Plaintiff alleges that Defendants Sarkis Ohannessian, Chief Deputy Sheriff, San Bernardino County Sheriff's Department ("SBCSD"); John McMahon, Sheriff, SBCSD; Deputy Vicky Ortiz, SBCSD; Doug Poston, San Bernardino County Deputy District Attorney; Natasha Howard, Deputy Attorney General; Miles Abernathy Kowalski, San Bernardino County Counsel; and Securus Technologies, LLC, listened to, helped facilitate the making of, or helped to destroy unlawful recordings of calls that Plaintiff made to his attorney, the public defender's office, defense investigator, and the clerk of the Idaho Supreme Court during criminal proceedings that were brought initially in Idaho in 2015 and are now proceeding in Los Angeles County Superior Court. Compl. ¶¶ 6-11, 17-24, 26, 28-32, 35-39, 42-43. Plaintiff further alleges that some or all Defendants "made use of the stolen defense strategy" that they had obtained through the alleged eavesdropping in the criminal proceedings. *Id.* at ¶ 34. He contends that these actions violated his rights under the Sixth and Fourteenth Amendments, the Wiretap Act, the California Invasion of Privacy Act ("CIPA"), and the California Civil Code. *Id.* at ¶¶ 1, 47-62, 63-72, 73-85, 86-91. Plaintiff seeks declaratory relief and actual and punitive damages. *Id.* at 15.

At the time of filing, it appeared that Plaintiff's underlying state criminal case was still pending. The Court issued an order to show cause ("OSC") why the Complaint should not be stayed pursuant to *Younger v. Harris*, 401 U.S. 37, 46, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971). Plaintiff filed a response on August 3, 2021. Dkt. No. 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: EDCV 21-5746 CAS (RAO)     Date: April 1, 2022
Title: David Fink v. Sarkis Ohannessian, et al.

    On March 24, 2022, Plaintiff filed a notice of change of address indicating that he was now in state custody at North Kern State Prison. Dkt. No. 11. Thus, it appears that Plaintiff's underlying criminal case has concluded with a conviction and state prison sentence. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d. 383 (1994),

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. *Heck* also bars § 1983 suits for declaratory relief. *Martin v. City of Boise*, 920 F.3d 584, 612 (9th Cir. 2019) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005)).

    In his response to the OSC regarding *Younger* abstention, Plaintiff did not dispute that a determination of his claims in the instant federal lawsuit would intrude on his state criminal proceedings. *See* Dkt. No. 7. Plaintiff also appeared to recognize that if he was convicted in the state court proceeding, this could bar him from pursuing damages in the instant action. *Id.* Thus, it appears that Plaintiff's § 1983 claims must be dismissed without prejudice under *Heck*.

    In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, on or before **May 2, 2022**, why his § 1983 claims should not be dismissed pursuant to *Heck*. **Plaintiff is expressly warned that failure to timely file a response to this Order may result in dismissal of this action without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

    **IT IS SO ORDERED.**

                                                                                                                             :
                                                                                                                             dl